UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------X
UNITED STATES OF AMERICA,       :
                                      06 Cr. 1107 (JFK)
          -against-             :
                                      OPINION and ORDER
EDWARD DeJESUS,                 :

              Defendant.        :
-------------------------------X

APPEARANCES:

          For the United States of America:
              MICHAEL J. GARCIA
              United States Attorney
              Southern District of New York
              New York, New York
              Of Counsel: William J. Harrington, Esq.
                          Assistant United
                            States Attorney


          For the Defendant:
              LEONARD F. JOY
              Federal Defenders of New York
              New York, New York
              Peter N. Tsapatsaris, Esq.


**JOHN F. KEENAN, United States District Judge**

**JOHN F. KEENAN**, United States District Judge:

<u>**Motion**</u>

Defendant moves to suppress statements and physical evidence obtained on October 20, 2006.

<u>**Background**</u>

At approximately 10:00 p.m. on October 20, 2006, NYPD police officers were surveilling drug sales at 184th Street and Washington Avenue in the Bronx.  After witnessing a sale, the officers moved in to apprehend the persons involved in the sale.

As the officers moved in, one of them saw the butt and part of the barrel of a gun in the defendant's hand.  A second officer could also see a gun in the defendant's hand.  Although the officers had not seen the defendant participate in a drug sale, he was standing nearby.

The officers yelled "Gun!" and a number of them subdued DeJesus by putting him up against a wall.  At least one of the officers still saw the gun in DeJesus' hand as he was put against the wall.

After the arrest, the officers brought defendant to the police station.  After being advised of his rights, DeJesus waived those rights and stated, in substance, that:

> \*    He was carrying a firearm because he had
>      killed someone ten years earlier.

-2-

      \*     The family of the victim lived around the
corner from where DeJesus was arrested, and
he carried the gun for protection.

DeJesus was interviewed a second time on October 21, 2006 by other officers.  He again waived his right to remain silent and stated, in substance, that:

      \*     He brought the gun because he had shot and
killed someone years earlier.  He had the gun
for his protection.

      \*     He said that when the cops moved in, he had
the gun in his hand.  When they were putting
him against the wall he tried to hide the gun
in his hand.

The above facts are gleaned from the Magistrate Court's Complaint in the case.

DeJesus had previously been convicted on or about January 9, 1997, in Bronx Supreme Court, Bronx County, of manslaughter in the first degree, with intent to cause serious physical injury, a class B felony.

The defendant argues that the officers recovered the gun after searching him without probable cause.  DeJesus urges that the statements must be suppressed as the tainted fruit of a poisonous tree.

Defendant attaches a declaration to his motion.  In it, he offers one sentence about the purported illegal search: "The firearm was not in plain view before the arrest."  (Defendant's

Declaration ¶ 4).  He does not state where the firearm was or
where the officers searched.  He does not deny the sworn
allegation in the Complaint that he had the gun in his hand or
that he admitted as much.

## Discussion

The sworn Magistrate's Court Complaint states that the
officers recovered the gun without a search after seeing it in
his hand while he was standing on the street.  The defendant has
not submitted a sworn statement that contradicts these facts with
the requisite degree of specificity.

To have an evidentiary hearing on his claim, a
defendant must first "state sufficient facts which, if proven,
would [require] the granting of the relief requested."  United
States v. Kornblau, 586 F. Supp. 614, 621 (S.D.N.Y. 1984), see
United States v. Mathurin, 148 F.3d 68, 69 (2d Cir. 1998); United
States v. Ortiz, 99 Cr. 532, 1999 WL 1095592, at *1 (S.D.N.Y.
1999).  A defendant must present his claim through an affidavit
of an individual with personal knowledge of the relevant facts.
See United States v. Gillette, 383 F.2d 843, 848-49 (2d Cir.
1967); United States v. Viscioso, 711 F. Supp. 740, 745 (S.D.N.Y.
1989).  In such an affidavit, the defendant must show "that
disputed issues of material fact exist before an evidentiary
hearing is required."  Viscioso, 711 F. Supp. at 745 (internal
quotation and citation omitted).  An evidentiary hearing on a

-4-

motion to suppress is required only if "the moving papers are
sufficiently definite, specific, detailed, and nonconjectural to
enable the court to conclude that contested issues of fact" are
in question.  United States v. Pena, 961 F.2d 333, 339 (2d Cir.
1992).  These papers do not meet that test.

Defendant cannot create an issue with an affidavit
asserting conclusory statements.  See United States v. Ruiz, 94
Cr. 392 (LAP), 1994 U.S. Dist. LEXIS 15822 (S.D.N.Y. Nov. 7,
1994), at *13 (denying defendant hearing where affidavit lacked
specific facts and only stated that the police acted "for no
apparent reason"); United States v. Vicioso, 711 F. Supp. 740,
745-46 (S.D.N.Y. 1989)(denying hearing where defendant disputed
probable cause to arrest on affidavit stating that defendant "was
not doing anything illegal at the time of his arrest" and he "was
not involved in dealing crack" on earlier occasion).

No hearing is warranted because the defendant does not
controvert any of the facts alleged in the Complaint.  DeJesus
merely asserts a legal conclusion - that the gun was not in
"plain view."  The question of whether something is in plain view
is the ultimate legal conclusion that the court is required to
reach.  If taken as a factual allegation, DeJesus' statement
lacks any particularity or specificity.

Defendant does not deny (1) that he had the gun in his
hand; (2) that the officers shouted "Gun!" as they approached;

and (3) that the gun was seen before it was seized and DeJesus was ever searched.  His conclusory assertions that the gun was not in "plain view" do not amount to a denial of these facts and his affidavit does not satisfy the burden to obtain a hearing on that issue.

The reference in paragraph 5 of defendant's declaration of August 29, 2006 is obviously a mistype and nothing in the declaration addresses the <u>Miranda</u> issue or the voluntariness of his statements.

The motion is denied in all respects.

**SO ORDERED.**

Dated: New York, New York
       February 7 , 2007

_____
                **JOHN F. KEENAN**
        **United States District Judge**